FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2019 AUG 30 AM 9:51
CLERK M. Akin
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
DAESANG CORPORATION,        *
                            *
     Plaintiff,             *
                            *
     v.                     *    CV 118-214
                            *
THE NUTRASWEET COMPANY and  *
MANUS BIO, INC.,            *
                            *
     Defendants.            *
```

**O R D E R**

Before the Court is Defendants' motion to dismiss Plaintiff's original complaint. (Doc. 8.) After Defendants filed their motion to dismiss, Plaintiff filed an amended complaint.[1] (Doc. 26.) "It

---

[1] Defendants removed the present action to this Court on December 11, 2018 (Notice of Removal, Doc. 1), and filed their motion to dismiss Plaintiff's original complaint on December 28, 2018 (Doc. 8). On January 10, 2019, the Clerk granted Plaintiff's consent motion for an extension of time to respond to Defendants' motion to dismiss (Consent Mot. for Extension of Time, Doc. 14). (Consent Order, Doc. 17.) The Consent Order extended Plaintiff's deadline to respond through and including January 25, 2019. (Id.) On January 25, 2019, Plaintiff filed its amended complaint. (Doc. 26.)
   Pursuant to Federal Rule of Civil Procedure 15, Plaintiff lacked the authority to file the amended complaint: "A party may amend its pleading once as a matter of course within: (A) [twenty-one] days after serving it, or (B) if the pleading is one to which a responsive pleading is required, [twenty-one] days after service of a responsive pleading or [twenty-one] days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Id. at 15(a)(2).
   Plaintiff filed its amended complaint twenty-eight days after Defendants served their motion to dismiss. Although the Consent Order granted Plaintiff an extension of time to respond to Defendants' motion to dismiss, it neither extended Plaintiff's time to file an amended complaint as a matter of right nor granted leave to file an amended complaint. Further, the consent motion does not evidence Defendants' written consent to Plaintiff filing an amended complaint.
   Nevertheless, the Court retroactively allows the amended complaint, and the amended complaint is deemed the operative complaint as of its filing date, January 25, 2019. First, "[t]he court should freely give leave when justice so

is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect." Renal Treatment Ctrs.—Mid-Atl., Inc. v. Franklin Chevrolet-Cadillac-Pontiac-GMC, No. 608CV087, 2009 WL 995564, at *1 (S.D. Ga. Apr. 13, 2009) (quoting In re Wireless Tel. Fed. Cost Recovery Fees Litig., 396 F.3d 922, 928 (8th Cir. 2005)) (citing Fritz v. Standard Sec. Life Ins. Co. of N.Y., 676 F.2d 1356, 1358 (11th Cir. 1982)); accord Malowney v. Fed. Collection Deposit Grp., 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint.").

Here, Plaintiff's amended complaint supersedes its original complaint. Accordingly, **IT IS HEREBY ORDERED** that Defendants' motion to dismiss Plaintiff's original complaint (Doc. 8) is **DENIED AS MOOT**.

**ORDER ENTERED** at Augusta, Georgia, this 30th day of August, 2019.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

requires." FED. R. CIV. P. 15(a)(2). Second, "[o]rdinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." Corsello v. Lincare, Inc., 428 F.3d 1008, 1014 (11th Cir. 2005) (per curiam). Third, Defendant did not object to the filing of the amended complaint. Accordingly, the Court excuses Plaintiff's failure to comply with the Federal Rules of Civil Procedure this time.

2